UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert Forest Nelson, Jr., | No. 13-cv-181 (PJS/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Victor J. Williams, et al, | |
| Defendants. | |

This matter came before the undersigned United States Magistrate Judge upon

Defendants' Motion for Summary Judgment and Sanctions.  [Docket No. 29].  The Motion has

been referred to the undersigned Magistrate Judge for a report and recommendation, (see Order

of Reference [Docket No. 21]), pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For

reasons set forth below, the Court recommends that Defendants' Motion for Summary Judgment

and Sanctions, [Docket No. 29], be **DENIED without prejudice**.


I.    **BACKGROUND**

Robert Forest Nelson, Jr. ("Plaintiff"), proceeding *pro se*, initiated this lawsuit on or

about January 22, 2013, by filing his Complaint, [Docket No. 1], and making an Application to

Proceed *In Forma Pauperis* ("IFP"), [Docket No. 2].  Plaintiff's claims arise from alleged

mistreatment he suffered while he was being detained at the Itasca County Jail, and he names as

Defendants, each in his or her individual capacity, the following: Itasca County Sheriff Victor J.

Williams, Itasca County Jail Administrator Denise Hirt, and Itasca County Jail Administrative

Assistant Lucas Thompson (the "Defendants").  (Compl. [Docket No. 1], at 2, 4-5).  This Court

granted Plaintiff's IFP application on January 25, 2013, (Order [Docket No. 4]), and the

Defendants were served with the summons and complaint on March 4, 2013, (Summons

Returned Executed [Docket No. 7]).  On March 25, 2013, the Defendants filed their Answer.

[Docket No. 8].

Subsequently, on April 1, 2013, pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff filed an

Amended Complaint.  [Docket No. 9].  Plaintiff generally asserts federal claims pursuant to 42

U.S.C. § 1983 and § 1985 alleging that Defendants violated his First Amendment rights to

freedom of speech and to petition for redress of grievances, and his Fourteenth Amendment

rights to procedural and substantive due process, (Id. at ¶¶ 29-40).  Additionally, invoking the

Court's supplemental jurisdiction,[1] Plaintiff also brings state law claims alleging that Defendants

violated various provisions of the Minnesota Constitution, (Am. Compl. [Docket No. 9], at ¶¶

41-45, ¶¶ 49-53, ¶¶57-61); that they violated various provisions of the Minnesota Department of

Corrections Administrative Code and Rules, (Id. at ¶ 46, ¶ 54, ¶ 62); that they violated their

Oaths of Office, (Id. at ¶ 48, ¶ 56, ¶ 64); and that their actions constituted a common law

conspiracy, (Id. at ¶ 47, ¶ 55, ¶ 63).  Defendants made their Answer to Amended Complaint,

[Docket No. 11], on April 16, 2013.

On September 26, 2013, Defendants made a Motion to Compel Disclosure and to Compel

Discovery.  [Docket No. 22].  Plaintiff filed no opposition to that Motion, and he neither

appeared at the October 20, 2013, motion hearing, nor asked to be excused from the hearing.

(Minute Entry [Docket No. 27]).  On October 18, 2013, this Court granted the Motion, and

issued an Order that Plaintiff answer Defendants' interrogatories, respond to Defendants'

requests for production of documents, and appear for a deposition to be noticed by Defendants.

---

[1] See 28 U.S.C. § 1367.

(Order [Docket No. 28]).  Additionally, that Order advised Plaintiff that "any failure to comply with this Order compelling discovery may result in more severe sanctions, up to and including dismissal of [the] case."  (Id. at 6 (citing Fed. R. Civ. P. 37(b)(2)(A))).

## II.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND SANCTIONS [Docket No. 29]

On December 12, 2013, Defendants made the present Motion for Summary Judgment and Sanctions, [Docket No. 29], which was scheduled for hearing before the undersigned on January 23, 2014, (Notice of Hearing [Docket No. 30]).  However, after they had made their Motion and served it upon Plaintiff by mailing it to his address of record, Defendants learned that Plaintiff had been incarcerated and was then residing in the Lakeland Correctional Facility in Coldwater, Michigan.  (Letter to M.J. [Docket No. 37]).  Consequently, after the January 23, 2014, motion hearing, this Court Ordered that Defendants re-serve their Motion for Summary Judgment and Sanctions upon Plaintiff at the Lakeland Correctional Facility, and it set a new briefing schedule and a new hearing date of March 14, 2014.  (Order [Docket No. 39]).

On January 24, 2014, Defendants filed an Amended Notice of Hearing, [Docket No. 40], noticing the new hearing date of March 14, 2014, and also filed a Certificate of Mailing,[2] [Docket No. 40-1], attesting to the fact that Defendants mailed a copy of their present Motion for Summary Judgment and Sanctions, [Docket No. 29], and supporting materials to Plaintiff at the Lakeland Correctional Facility.

However, at the March 14, 2014, motion hearing, Defendants' counsel candidly represented that he had not obtained a return receipt for his mailing, and he had no proof of

---

[2] Although styled a Certificate of Service, the Court construes Docket No. 40-1 instead as a Certificate of Mailing, because it demonstrates only that Defendants mailed their Motion and supporting materials to Plaintiff at the Lakeland Correctional Facility, and does not demonstrate that those materials were received at the facility.

delivery.  Moreover, Defendants' counsel represented that during a telephone conversation with

Plaintiff in February,[3] Plaintiff indicated that he *had not* received the Defendants' Motion and

supporting materials, even though he acknowledged that he *had* received various other mailings

from the Court.  Defendants' counsel represented that, as a result of their telephone conversation,

Plaintiff was generally aware of the Motion, but he was not aware of the specific grounds for the

Motion.  Also at the March 14, 2014, motion hearing, Defendants' counsel represented that

during his telephone conference with Plaintiff in February, Plaintiff had stated that he previously

had responded to Defendants' discovery covered by the Court's Order of October 18, 2013.

Defendants' counsel further represented that he had not, however, ever received any such

responses.

At the March 14, 2014, motion hearing, Defendants asked the Court to consider their

Motion on the merits, stating their belief that their Certificate of Mailing should suffice as proof

that Plaintiff was aware of, and in fact received, their Motion and supporting materials.

The Federal Rule of Civil Procedure previously required that a motion for summary

judgment "be served at least 10 days before the day set for the hearing."  Fed. R. Civ. P. 56(c)

(Dec. 1, 2007).  The Eighth Circuit "require[d] strict adherence to the ten-day notice requirement

in order to protect the opposing party's rights to respond to the motion."  Davis v. Charlston, 827

F.2d 317, 320 (8th Cir. 1987).  The 10-day requirement was removed from the Rules by the 2009

Amendment.  See Fed. R. Civ. P. 56, and Committee Notes on Rules—2009 Amendment.

However, even though Rule 56 no longer expressly provides for a specific notice period before a

court hears a summary judgment motion, this Court nonetheless finds that it has a responsibility

to protect an opposing party's right to respond to a summary judgment motion.  See Irish v.

---

[3] Defendants' counsel did not recall the exact date of his telephone conversation with Plaintiff, but represented that, to the best of his recollection, it was 3-4 weeks prior to the March 14, 2014, hearing date.

United States Dep't of Justice, No. 13-1740, 2014 U.S. App. LEXIS 8281 (8th Cir. May 2, 2014) (where plaintiff did not receive memorandum and evidence filed in support of motion for summary judgment, granting that motion was an abuse of discretion).

Defendants argue that because Plaintiff is incarcerated, there is no way for them ever to prove that a mailing was actually received by Plaintiff himself; rather, the best that they could obtain would be proof that their materials had been received by the prison.  The Court acknowledges the difficulties that sometimes arise when attempting to serve papers on an incarcerated party.  However, those difficulties do not outweigh this Court's need to ensure that a party against whom summary judgment is sought has an opportunity to respond.  Therefore, this Court will not, at this time, proceed to consider the merits of Defendants' Motion for Summary Judgment and Sanctions.

Consequently, the Court recommends that Defendants' Motion for Summary Judgment and Sanctions, [Docket No. 29], be **DENIED without prejudice**.[4]

III.    **CONCLUSION**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion for Summary Judgment and Sanctions, [Docket No. 29], be **DENIED without prejudice**.


Dated: May 5, 2014                                                  s/Leo I. Brisbois
                                                                   LEO I. BRISBOIS
                                                                   United States Magistrate Judge

---

[4] The Court is aware that under the existing Pretrial Scheduling Order, the deadline for dispositive motions has passed, and this case has a trial-ready date of July 15, 2014.  (See Docket No. 18).  In order to allow an opportunity for Plaintiff to re-serve his discovery responses and Defendants to arrange to depose Plaintiff at Lakeland Correctional Facility of they so choose, and to accommodate further motion practice, the Court will issue a separate Order amending the Pretrial Scheduling Order.

**N O T I C E**

      Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by May 19, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within **fourteen (14) days** of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.