UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Forest Nelson, Jr.,                  Court File No. 13-cv-181 (PJS/LIB)

       Plaintiff,

v.                                   **REPORT AND RECOMMENDATION**

Victor J. Williams, et al.,

       Defendants.

This matter came before the undersigned United States Magistrate Judge upon Defendants' Motion for Summary Judgment and Sanctions, [Docket No. 46]. This case has been referred to the undersigned Magistrate Judge for a report and recommendation, in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a motion hearing on August 28, 2014, regarding Defendants' motion.

For the reasons discussed herein, the Court recommends that Defendants' Motion for Summary Judgment and Sanctions, [Docket No. 46], be **GRANTED in part**, and **DENIED in part**.

I.      **BACKGROUND**

This case arises out of Plaintiff Robert Forest Nelson, Jr.'s, pretrial detention at the Itasca County Jail ("Jail"). After being released, Plaintiff initiated the present action on January 22, 2013, by filing his Summons and Complaint *pro se*. (Complaint, [Docket No. 1]). Plaintiff filed an Amended Complaint on April 1, 2013, that alleges twelve claims against each Defendant. (Amended Complaint, [Docket No. 9]). Plaintiff claims each Defendant: (1) violated his First Amendment right to free speech; (2) violated his First Amendment right to petition for redress of grievances; (3) violated his Fourteenth Amendment right to procedural due process; (4) violated

his Fourteenth Amendment right to substantive due process; (5) violated Article I, § 2 of the Minnesota Constitution; (6) violated Article I, § 3 of the Minnesota Constitution; (7) violated Article I, § 5 of the Minnesota Constitution; (8) violated Article I, § 7 of the Minnesota Constitution; (9) violated Article I, § 8 of the Minnesota Constitution; (10) violated sections of the Minnesota Department of Corrections ("DoC") Administrative Code and Rules ("DoC Rules"); (11) engaged in common-law conspiracy; and (12) violated either an oath of office or the law enforcement oath of honor. (See Id. at 14-21). Itasca County Sheriff, Victor J. Williams ("Defendant Williams"), the Jail Administrator Denise Hirt ("Defendant Hirt"), and Lucas Thompson, the Assistant Administrator for the Jail ("Defendant Thompson"), timely filed their Answer, [Docket No. 11], and the parties proceeded to discovery.

On September 26, 2013, Defendants moved the Court for an order to compel Plaintiff to provide overdue responses to their discovery requests. (See Defs.' Motion to Compel Disclosure and Discovery, [Docket No. 22]). The Court granted the motion and issued an Order, which expressly warned Plaintiff that failure to comply with the Order could result in more severe sanctions, up to and including the dismissal of Plaintiff's case. (Order granting Motion to Compel, [Docket No. 28], at 6).

Defendants now move for summary judgment in their favor as to Plaintiff's claims against each of them. (Motion for Summary Judgment and Sanctions, [Docket No. 46]). Defendants also alternatively seek dismissal of Plaintiff's claims as a sanction for Plaintiff's failure to comply with the Court's prior Order compelling discovery. (Id.).

**I.     FACTS**

On May 22, 2012, Plaintiff was arrested on criminal charges. (See Amended Complaint, [Docket No. 9], at 5). While awaiting proceedings in the criminal matter, Plaintiff was detained

at the Itasca County Jail, where he was initially held in an eight-man cell in a medium security ward. (Affidavit of Lucas Thompson, [Docket No. 33], at 2). Plaintiff was housed in that cell until June 12, 2012, when Defendant Thompson ordered Plaintiff transferred to a two-man cell in a maximum security ward. (Id.).

In his amended complaint, Plaintiff alleges his detention in the cell in the maximum security ward was "more restrictive" than being in the medium security ward, and that Thompson had ordered the transfer to retaliate against Plaintiff for drafting and filing multiple grievances on behalf of other detainees. (Amended Complaint, [Docket No. 9], at 7-8). Plaintiff also alleges that both Defendant Hirt and Defendant Williams were aware Thompson had assigned Plaintiff to the maximum security ward, and that they had not acted to change this assignment. (Id. at 10, 13).

Defendant Thompson submitted an affidavit in support of the motion indicating he had transferred Plaintiff because Plaintiff's behavior around other inmates was troublesome, and that moving Plaintiff to a two-man cell in the maximum security ward was safer for Plaintiff, the other inmates, and the jail staff than keeping Plaintiff in an eight-man medium security cell. (Affidavit of Lucas Thompson, [Docket No. 33], at 2). Defendant Thompson also averred that, in the maximum security ward, Plaintiff had access to all the same jail services, programs, the telephone, television, exercise, and visitors in the same manner and quantity as the inmates in the medium security ward. (Id. at 3). Defendant Thompson further averred that Plaintiff had not lost any good time points when being transferred. (Id.). Plaintiff was released from the county jail on July 9, 2012. (Amended Complaint, [Docket No. 9], at 12).

Plaintiff then filed this action, alleging a total of thirty-six (36) causes of action against Defendant Williams, Defendant Hirt, and Defendant Thompson. (See Id. at 14-21). Once the

parties commenced discovery, Defendants provided disclosure and discovery in accord with Plaintiff's requests. (See Order granting Motion to Compel, [Docket No. 28], at 2). Plaintiff did not, however, respond to Defendants' requests for discovery, though he has acknowledged that he received them. (See Id. at 3). On September 26, 2013, Defendants filed a motion to compel Plaintiff to respond to their discovery requests. (Defendants' Motion to Compel Discovery, [Docket No. 22]). Plaintiff did not respond to the motion and did not appear at the motion hearing held on October 10, 2013. (Order granting Motion to Compel, [Docket No. 28], at 4). On October 18, 2013, this Court entered an Order directing Plaintiff to respond to Defendants' discovery requests. (Id. at 6). In that order, the Court expressly advised Plaintiff that any failure to comply with the Order could result in severe sanctions up to and including dismissal of the case. (Id.). Defendants represent to the Court that Plaintiff has since failed to comply with the Order. (Defendants' Memorandum in Support of Motion for Summary Judgment and Sanctions, [Docket No. 48] at 12).

Defendants now move for summary judgment in their favor on all of Plaintiff's claims, and in the alternative, for sanctions in the form of dismissal of Plaintiff's claims for Plaintiff's failure to comply with the prior Order compelling discovery from the Plaintiff.

## II.     Standard of Review

Summary judgment is appropriate when the evidence demonstrates that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Tusing v. Des Moines Indep. Cmty. Sch. Dist., 639 F.3d 507, 514 (8th Cir. 2011). A disputed fact is "material" if it might affect the outcome of the case, and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the burden of bringing forward sufficient admissible evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). The evidence must be viewed in the light most favorable to the nonmoving party, and the nonmoving party must be given the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Country Life Ins. Co. v. Marks, 592 F.3d 896, 898 (8th Cir. 2010). Reasonable inferences are those "that may be drawn without resorting to speculation." Mathes v. Furniture Brands Int'l, Inc., 266 F.3d 884, 885-86 (8th Cir. 2001) (citing Sprenger v. Fed. Home Loan Bank, 253 F.3d 1106, 1110 (8th Cir. 2001)).

However, the nonmoving party may not rest on mere allegations or denials in their pleadings, but must set forth specific admissible evidence-based facts showing the existence of a genuine issue. Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).

The movant is entitled to summary judgment when the nonmoving party has failed to "establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. No genuine issue of fact exists in such a case because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

"A properly supported motion for summary judgment is not defeated by self-serving affidavits." Frevert v. Ford. Motor Co., 614 F.3d 466, 473 (8th Cir. 2010) (quoting Bacon v. Hennepin County Med. Ctr., 550 F.3d 711, 716 (8th Cir. 2008)). "Rather, the plaintiff must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." Id. at 473-74.

### III.   ANALYSIS

Defendants contend they are entitled to summary judgment in their favor on all of Plaintiff's claims, arguing: (1) there is no private cause of action for the alleged violations of the Minnesota Constitution, the DoC Rules, or the Defendants' oaths of office; (2) Plaintiff has failed to introduce sufficient evidence to raise questions of material fact regarding his First Amendment retaliation claims, Fourteenth Amendment due process claims, and conspiracy claims; and (3) even if Plaintiff has raised questions of material fact, Defendants are entitled to qualified immunity with regard to their actions.

### A.  Minnesota Constitutional Claims

Plaintiff's state constitutional claims assert that some of the conditions during his pretrial detention in the county jail violated sections of the Minnesota Constitution, namely Article I, §§ 2 (rights and privileges), 3 (liberty of the press), 5 (cruel or unusual punishment), 7 (due process), and 8 (redress of injuries or wrongs).  Defendants contend they are entitled to judgment as a matter of law as to all of those claims because Minnesota courts do not recognize private causes of action for violations of the state constitution.

> The Eighth Circuit has observed:
>
> Minnesota courts explicitly refuse to find causes of action for damages under the Minnesota Constitution on their own unless the Minnesota Supreme Court has recognized the cause of action. See Mitchell v. Steffen, 487 N.W.2d 896, 905 (Minn. Ct. App. 1992) (finding that even if cause of action for damages existed under the Minnesota Constitution, sovereign immunity barred torts for deprivation of constitutional rights), aff'd on other grounds, 504 N.W.2d 198 (Minn. 1993); Bird v. State, Dep't of Pub. Safety, 375 N.W.2d 36, 40 (Minn. Ct. App. 1985) (recognizing that Minnesota Supreme Court has not recognized any tort for the violation of due process rights). We agree with the district court that because the Minnesota Supreme Court has not established an action for damages for these constitutional violations, the [Plaintiff's] claims fail.

Riehm v. Engelking, 538 F.3d 952, 969 (8th Cir. 2008).

Plaintiff has not cited to any legal authority to indicate that the Minnesota Supreme Court has recognized a private cause of action for violations of Article I, §§ 2, 3, 5, 7, or 8 of the Minnesota Constitution. Nor has the Court's own research revealed any such authority. Accordingly, the Court recommends that, to the extent the motion pertains to Plaintiff's claims arising from the Minnesota Constitution, Defendant's Motion for Summary Judgment and Sanctions ([Docket No. 36]), be **GRANTED**.

### B. DOC Rules Claims, Oath Claims

Defendants next contend there is no private cause of action for a violation of the DoC Rules or the oaths of office that Plaintiff asserts each Defendant has violated. Plaintiff's DoC rules claim asserts Defendants violated DoC Rules sections 2911.2600 (classification of inmates); 2911.2800 (administrative segregation/inmate discipline); 2911.2850 (discipline plan); 2911.2900 (grievance procedure); and 2911.3100 (inmate activities). Plaintiff's claims that Defendants violated their oaths assert each Defendant violated his or her oath of office or the general law enforcement oath of honor.

#### 1. DoC Rules

In Minnesota, a rule adopted by an administrative agency has the force of law. Minn. Stat. § 14.38. A Minnesota law, however, "does not give rise to a civil cause of action unless the language of the [law] is explicit or it can be determined by clear implication." Flour Exch. Bldg. Corp. v. State, 524 N.W.2d 496, 498 (Minn. Ct. App. 1994) (citing Valtakis v. Putnam, 504 N.W.2d 264, 266 (Minn. Ct. App. 1993)). Nothing in the text of the DoC Rules relied on by Plaintiff explicitly establishes a private cause of action for damages for an alleged violation of the rules.

In reviewing whether a Minnesota law implicitly authorizes a private cause of action, Minnesota courts "consider three factors: (1) whether the [plaintiffs] belong to a special class of persons for whose benefit the statute was enacted, (2) whether the legislature indicated an intent to create or deny a private remedy, and (3) whether inferring a private remedy would be consistent with the underlying purpose of the legislation." Alliance for Metro. Stability v. Metro. Council, 671 N.W.2d 905, 916 (Minn. Ct. App. 2003) (citing Flour Exchange, 524 N.W.2d at 499). At the time of the events in question, Plaintiff was a pretrial detainee held in custody of the Itasca County Jail. Assuming for the sake of argument that the jail was subject to Minnesota DoC Rules, the DoC Rules provide minimum standards for correctional facilities operated for the detention and confinement of persons detained or confined according to law. See Minn. Dep't of Corrections Admin. Rules Section 2911.0100. As one detained in such a facility, Plaintiff belonged to a class of persons for whose benefit the rules were promulgated. In addition, the text of section 2911.2900, which requires detention and confinement facilities make available to inmates a grievance procedure, indicates an intent to create a mechanism for inmates to use to address issues with their confinement.

However, the Court takes judicial notice of Minnesota DoC Policy 303.100, see United States v. Matya, 541 F.2d 741, 747 n.10 (8th Cir. 1976) (noting federal courts may judicially notice of state laws even though neither party raises it), which in fact sets forth grievance policies and procedures to address detainee concerns over conditions for the detention facilities of the Minnesota DoC. Implying a private cause of action for damages in the federal courts for an alleged violation of the MN DoC Rules would be redundant and inconsistent with the structure of the DoC rules, which already provides a remedy by which an inmate may challenge the conditions of their confinement. Accordingly, the Court concludes that the sections of the

DoC Rules upon which Plaintiff relies do not (explicitly nor) implicitly authorize a separate private cause of action for damages over which this Court has jurisdiction.

**2. Oaths of Office.**

Plaintiff also asserts each of the Defendants has violated his or her oath of office or the law enforcement oath of honor. A number of courts in other jurisdictions have held that there is no private cause of action to sue an office holder for violating an oath of office. See Caldwell v. Obama, 2013 WL 6094237 (D.D.C. Nov. 20, 2013); Marshall v. Richardson Properties, 2010 WL 889530 (W.D. Ky. Mar. 8, 2010); Scheiner v. Bloomberg, 2009 WL 691449 (S.D.N.Y. Mar. 17, 2009); Conner v. Tate, 130 F. Supp. 2d 1370, 1380 (N.D. Ga. 2001); Mechler v. Hodges, 2005 WL 1406102 (S.D. Ohio June 15, 2005); Simon v. N. Farms, 1997 WL 542721 (D.Kan. Aug. 26, 1997). Although Minnesota does not have a case directly on point, the law in Minnesota has developed an analogous principle. See Gelley v. Astra Pharm. Products, Inc., 610 F.2d 558, 561 (8th Cir. 1979) ("Minnesota recognizes no private cause of action for violations of governmental duties owed the public in general[.]") (citing Cracraft v. City of St. Louis Park, 279 N.W.2d 801 (Minn. 1979)). In addition, the Court's research has revealed no state judicial decision or Minnesota statute that expressly authorizes a private cause of action for a violation of a County Sheriff's oath of office or the law enforcement oath of honor.

Based on the foregoing reasons, the Court recommends that, to the extent the motion pertains to Plaintiff's claims arising from the Minnesota DoC Rules and Defendants' oaths of office, Defendant's Motion for Summary Judgment and Sanctions be **GRANTED**.

**C. First Amendment Claims**

Plaintiff generally alleges that each Defendant violated his rights to free speech and to petition for redress of injuries by transferring him to the maximum security ward in retaliation

9

for submitting grievances on behalf of other detainees. "In order to demonstrate retaliation in violation of the First Amendment under 42 U.S.C. § 1983, [Plaintiff] must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." Spencer v. Jackson Cnty. Mo., 738 F.3d 907, 911 (8th Cir. 2013) (citations omitted).

The allegations in Plaintiff's *pro se* amended complaint[1] focus primarily on establishing that Defendant Thompson transferred Plaintiff to the maximum security ward as retaliation for Plaintiff filing multiple grievances. Even assuming Plaintiff has submitted sufficient evidence to raise a question of material fact regarding the foregoing allegation, the Court concludes Defendants are nonetheless entitled to summary judgment on Plaintiff's First Amendment claims. Defendants argue that Plaintiff has failed to introduce sufficient evidence to raise a question of material fact regarding the element of whether the transfer was sufficiently adverse so as to chill a person of ordinary firmness from continuing in the protected activity, i.e. filing grievances. In support, Defendants point to Defendant Thompson's affidavit, in which he averred that, although the maximum security cell was smaller, Plaintiff shared it with only one other person as compared to the medium security cell Plaintiff had shared with seven others. The affidavit also states that Plaintiff continued to have privileges and access to all jail services, jail programs, television, telephone, visitors, and exercise in the same manner and amount as the inmates in the medium security ward, and that Plaintiff did not lose any good time points as a

---

[1] Typically, a plaintiff opposing a summary judgment motion may not rely solely on the allegations in his complaint, but must come forward with specific evidence in support of each element of his claim. Forrest, 285 F.3d at 691. The Eighth Circuit has held, however, that a complaint and affidavit signed "under penalty of perjury" are to be treated as verified documents under 28 U.S.C. § 1746 and may contain sufficient evidence to survive a summary judgment motion. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994). Plaintiff's complaint is signed "under penalty of perjury."

result of the transfer. In contrast, Plaintiff's sole argument that the transfer was an adverse action consists of the allegation in his amended complaint that his detention in the maximum security ward was "more restrictive" than being detained in the medium security wing. "Such skeletal allegations, unsupported with specific facts or evidence, are insufficient to create a genuine issue of fact so as to preclude granting summary judgment." Thomas v. Corwin, 483 F.3d 516, 530 (8th Cir. 2007).

Accordingly, because Plaintiff has failed to submit sufficient admissible evidence to raise a question of material fact whether his detention in the maximum security ward was an adverse action, the Court recommends that, to the extent the motion pertains to Plaintiff's First Amendment claims, the Defendants' Motion for Summary Judgment and Sanctions. [Docket No.46], be **GRANTED**.

### D. Due Process Claims

Plaintiff's Fourteenth Amendment claims allege Defendants violated his rights to procedural and substantive due process by assigning him to a cell in the maximum security ward. "Under the Fourteenth Amendment, a pretrial detainee's constitutional rights are violated if the detainee's conditions of confinement amount to punishment." Morris v. Zefferi, 601 F.3d 805, 809 (8th Cir. 2010). "In considering whether the conditions of pretrial detention are unconstitutionally punitive, [the Court] reviews the totality of the circumstances of a pretrial detainee's confinement." Id. at 810.

Even after reviewing the totality of the circumstances in the light most favorable to Plaintiff, the Court concludes Plaintiff has failed to introduce sufficient admissible evidence for his due process claims to survive summary judgment. As discussed above, Plaintiff's sole argument in support of his position is an unsupported conclusory allegation that detention in the

maximum security cell was more restrictive than detention in the medium security cell. The affidavit of Defendant Thompson, however, contains specific evidence (uncontroverted by Plaintiff) that shows no restriction at all was applied to deprive the Plaintiff of access to any jail services, programs, or facilities. Thus, Plaintiff has failed to submit sufficient admissible evidence to even raise a question of material fact whether his transfer to the maximum security ward in this case was punitive, such that it violated his right to substantive due process.

Plaintiff's procedural due process claims fail for the same reason. Other circuits that have considered the issue have held that a pretrial detainee is entitled to a minimal due process hearing before he may be subjected to conditions of confinement that constitute punishment. See, e.g., Stevenson v. Carroll, 495 F.3d 62, 70 (3d Cir. 2007) ("Prison officials must provide detainees who are transferred into more restrictive housing for administrative purposes only an explanation of the reason for their transfer as well as an opportunity to respond."); Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996) ("Our conclusion does mean, however, that pretrial detainees may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule."). Those cases indicate that minimal procedural due process is required with regard to a change in a detainee's housing assignment, merely that the detainee be informed of an assignment that is intended as punishment and provided with a chance to be heard regarding whether the detainee did the act warranting punishment. See Stevenson, 495 F.3d at 70. More importantly, the cases indicate that the chance to be heard is required only if the housing assignment will constitute punishment. Id. As the Court has already concluded, Plaintiff has failed to introduce sufficient admissible evidence that his assignment to the maximum security cell constituted punishment. Plaintiff has failed to raise a question of material fact whether his rights to procedural due process were violated.

For the foregoing reasons, the Court recommends that, to the extent the motion applies to Plaintiff's substantive and procedural due process claims, Defendants' Motion for Summary Judgment and Sanctions, [Docket No. 46], be **GRANTED**.

**E. Conspiracy Claim.**

Plaintiff's remaining claims allege that Defendants conspired with each other in all of their challenged actions. "Common-law conspiracy involves a combination of persons to accomplish either an unlawful purpose or a lawful purpose by unlawful means." Anderson v. Douglas Cnty., 4 F.3d 574, 578 (8th Cir. 1993). "To prove conspiracy, a party must specifically present facts tending to show agreement and concerted action." Id. Even assuming, for the sake of argument, that Plaintiff had submitted sufficient evidence to raise questions of material fact whether Defendants' acts were unlawful, Plaintiff has again offered nothing more than mere conclusory allegations that Defendants agreed to act in concert with each other. The complete failure of a plaintiff to provide admissible evidence of a necessary element of his claim "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322. Accordingly, the Court recommends that, to the extent the motion pertains to Plaintiff's conspiracy claims, Defendant's Motion for Summary Judgment and Sanctions be **GRANTED**.

**F. SANCTIONS**

Finally, Defendants move for the Court to dismiss all of Plaintiff's claims against them as a sanction for Plaintiff's failure to comply with the Court's prior Order granting Defendant's Motion to Compel, [Docket No. 28]. Because the Court recommends that Defendants be granted summary judgment in their favor as to all of Plaintiff's claims, Defendants' motion for a sanction of dismissal is moot. Therefore, the Court recommends **DENYING** as moot Defendants'

Motion for Summary Judgment and Sanctions, [Docket No. 46], to the extent the motion seeks sanctions.

## IV.  CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion for Summary Judgment and Sanctions, [Docket No. 46], be **GRANTED in part** and **DENIED in part**, as set forth above.


Dated: September 30, 2014                                        s/Leo I. Brisbois
                                                                 Leo I. Brisbois
                                                                 U.S. MAGISTRATE JUDGE

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 14, 2014** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **by October 28, 2014**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.